Argued January 18, affirmed March 19, 1979

STATE OF OREGON, *Respondent,*
*v.*
JAMES ANDREW MANNING, aka
Jimmie Hawkwing, *Appellant.*
(Nos. 77-09-13759, 77-11-16201, CA 10164, CA 10165)
591 P2d 1195
(Cases Consolidated)

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Defendant was convicted of unauthorized use of a vehicle, kidnapping and robbery. All of the crimes occurred in a single incident in which the defendant and a companion got into a car belonging to two teenage girls and asked for a ride. When the girls refused, defendant brandished a gun, took over the car, demanded that the girls turn over their money, drove the car a short way, released the girls and drove away in the car. When the defendant was arrested the following day in the girls' car, a revolver and an automatic pistol were found in the front seat. At trial the girls testified that the gun they saw was an automatic rather than a revolver. Both guns were admitted. Defendant assigns as error the trial court's overruling of his objection to admission of the revolver.

The revolver was admissible. First, the fact that the defendant was armed a short time after the alleged crime in the same car in which the crime was committed allows the inference that he was prepared and willing to threaten the victims with serious injury, a material element of the crime of robbery. Second, the defendant sought to impeach the accuracy of the victim's identification of the gun used in the robbery. The victims testified that the gun was an automatic and that the defendant cocked it by pulling back the hammer when he threatened them. The defendant elicited testimony from a police officer that the automatic seized had no visible hammer and thus could not be cocked. By suggesting that the automatic might not have been the gun that the defendant used in the crime because it had no hammer, the defendant made relevant the testimony that he possessed a weapon with an exposed hammer shortly after the crime.

Moreover, the introduction of the gun did not unduly prejudice the jury. This case differs from *State v. Hall*, 36 Or App 133, 583 P2d 587 (1978, in which defendant's conviction for attempted homicide with

the use of a pistol was reversed because the trial court had allowed the introduction of a rifle found on him when apprehended. In that case, defendant could have been unduly prejudiced because the rifle had no relevance to the manner in which the crime was committed. Here, a pistol was used to commit the crime, defendant himself raised the issue of which pistol was used, and both guns were found in the stolen car shortly after the crime. There was no error in the admission of the revolver.

Defendant also assigns error to the trial court's imposition of separate sentences for each of the crimes of which he is convicted. There being no exceptional circumstances, we do not consider merger issues not raised at the trial level. *State v. Applegate,* 39 Or App 17, 591 P2d 371 (1979).

Affirmed.